Porter, J.
The defendant having become bail for Farrow, in the suit of Hall vs. Farrow, and the fi.fa. and ca. sa., which were issued on the judgment rendered in that case, being returned on the one, that “no property,” and on *392 the other, that the person of the debtor could not be found;—the plaintiff in the original suit, proceeded to enforce the recovery from the defendant, and for that purpose, gave notice by his attorney, that he would move the district court, before which the cause was tried in the first instance; to give judgment against him as bail, the condition of the bail bond being broken.
East’n District.
March, 1821.
This notice was served on the defendant, and the court below gave judgment against him for the amount recovered in the suit of Hall vs. Farrow, with interest, the costs in that suit, and the costs of the motion. From that judgment the defendant has appealed, and now insists that it should be reversed, for the following reasons:
That the proceedings on a bail bond partake of the nature of a new action, and should pursue its form.
That notice should be given by the plaintiff himself, and not by his attorney.
And that the notice served on him, has not sufficient certainty.
I do not think these objections solid.
It is true, the proceedings on a bail bond partake of the nature of a new action; but *393 it does not follow, that the form of proceedings should be the same in both cases.
The act of the legislature, 1 Martin's Digest, 484, which prescribes the practice, directs that “ the court shall, on motion, give judgment thereon, against the security, for the amount of any judgment, or decree rendered against the defendant, he the said security, having ten days previous notice, in writing, of such intended motion.”
Ten days notice of a motion in court, which the act here prescribes, is certainly something quite different from filing a petition, as in an ordinary case. And it is enough, that a party, in matters of form, pursues the very letter of the law.
The signature of the attorney to the notice, was in my opinion, as good as that of the plaintiff himself. The right of moving against bail given by the act of the legislature, is the same thing in effect, as commencing a new suit, though the form is different; and I am unable to distinguish between the authority of an attorney, to sign a petition, and do that which is objected to here.
There was sufficient certainty in the notice. It informed the defendant of the judgment *394 against the principal, its amount, the interest on it, &c., that a fi. fa. and ca. sa. had both issued without effect, and that by reason thereof, the condition of his bond, as bail, was broken. This was all that was material for him to know, and enough to put him on his defence.
Pierce for plaintiff, Smith for defendant.
I am therefore of opinion, that the judgment of the district court be affirmed with costs.